# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| COREY EUSTIS, | ) | Docket No. 2:13-cr-163-NT |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON MOTION TO DISMISS

The Court has before it the Defendant's Motion to Dismiss Indictment (ECF No. 54). The Defendant is charged with two counts of possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). The Defendant's underlying domestic violence conviction in each of those counts is an assault conviction under Maine's simple assault statute which criminalizes intentionally, knowingly, or recklessly causing bodily injury or offensive physical contact to another person. 17-A M.R.S.A. § 207. The Government concedes that it cannot prove that Mr. Eustis's prior conviction was committed intentionally or knowingly.

On August 1, 2014, the Court reserved ruling on the Defendant's Motion to Dismiss the Indictment pending the outcome of *United States v. Armstrong*, 706 F.3d 1 (1st Cir. 2013), *cert. granted, judgment vacated*, 134 S. Ct. 1759 (2014), which has raised the issue of whether an undifferentiated conviction under 17-A M.R.S.A. § 207 can support a conviction for possession of a firearm by a person convicted of a misdemeanor crime of domestic violence.

On January 30, 2015, the Court of Appeals for the First Circuit issued its decision in *United States v. Voisine*, 2015 WL 409150 (1st Cir. January 30, 2015).[1] That decision clearly answers the question posed in this case in the affirmative – a conviction for reckless assault under 17-A M.R.S.A. § 207 against a person in a domestic relationship constitutes a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9).

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's Motion to Dismiss.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 4th day of February, 2015.

---

[1] The Supreme Court had remanded both *Armstrong* and *Voisine* to the Court of Appeals for the First Circuit for further consideration in light of *United States v. Castleman*, 134 S. Ct. 1405 (2014). The Court of Appeals for the First Circuit decided both *Armstrong* and *Voisine* in *United States v. Voisine,* 2015 WL 409150 (1st Cir. January 30, 2015).