UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| COREY EUSTIS, | ) Docket No. 2:13-cr-163-NT |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR RECONSIDERATION OF DETENTION ORDER**

The Court has before it the Defendant's Motion for Reconsideration (ECF No. 105) requesting reconsideration of the January 23, 2015 Order denying Defendant's Motion for Review of Detention Order (ECF No. 83). The January 23, 2015 Order affirmed the decision of a Magistrate Judge in the Middle District of Florida who detained the Defendant pending trial. Florida Detention Order (ECF No. 74-3). In support of his Motion for Reconsideration, the Defendant proffers additional evidence much of which was available but not offered at his September 26, 2014 detention hearing, which took place in Florida. On March 31, 2015, the Government filed a response objecting to reconsideration. Opp. to Mot. for Reconsideration (ECF No. 140). On April 13, 2015, the Defendant filed a supplemental Motion for Reconsideration, asserting as additional grounds for release the additional month-long delay occasioned, he asserts, by the Government's use of inadvertently disclosed information as to the identity of two of Defendant's witnesses.[1] Supplement to Mot.

---

[1] The Government's actions with regard to contacting the Defendant's witnesses are not relevant to the detention issues raised in this motion.

for Reconsideration (ECF No. 174). The Government filed a Response in Opposition on April 17, 2015.  Opp. to Renewed Mot. for Reconsideration (ECF No. 177).

I have reviewed the Defendant's request for reconsideration, and I have listened to the tape recordings provided by defense counsel. The Defendant essentially asserts that were he allowed to present additional evidence, he would be able to establish that he did not violate a condition of release that required him to avoid all contact, direct or indirect, with a witness in the case identified as JR. The Defendant's proffered information indicates that all contacts made from the Defendant's cell phone to JR were made by others. The Defendant indicates that: 1) the Defendant's daughter Teya had several telephone calls and text message exchanges with JR about retrieving the Defendant's belongings; 2) contacts occurring when he was in Texas between his phone and JR were made by a disgruntled friend, RB; and 3) the Defendant's father used the Defendant's phone to contact JR for various reasons having to do with the Defendant's personal property or his bank account.

The Magistrate Judge based his decision to detain in part on the substantial number of contacts. Between August 7, 2014 and September 18, 2014, the Defendant's phone contacted JR's phone 76 times and sent 821 text messages to JR's phone. Order on Def.'s Mot. for Review of Detention Order at 4.  The Magistrate Judge was aware that the Defendant's father had contacted JR using the Defendant's phone and also understood the RB could have been using the phone.[2]  The only information

---

[2]    In the Florida detention hearing the Magistrate Judge stated:

not before the Magistrate Judge was Teya's testimony that she also had several telephone calls and text message exchanges with JR. This additional evidence is not sufficient to upset the finding by clear and convincing evidence that the Defendant violated the no contact order. Even assuming that all of the contacts with JR were made by others, it appears from the Defendant's own version of the events that the Defendant's daughter and father were contacting JR on the Defendant's behalf. Indirect contacts of this nature violated the conditions of release.

## CONCLUSION

The Motion for Reconsideration (ECF No.105) and Supplement to the Motion for Reconsideration (ECF No. 174) are **GRANTED** to the extent that the Court has considered the additional evidence proffered by the Defendant. For the reasons stated above, the Court **AFFIRMS** its earlier order regarding detention.  The request for an evidentiary hearing is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 27th day of April, 2015.

---

> And while some of the phone calls could be explained by Mr. Eustis' father using the phone, or some of the calls could be explained by R.B. using the phone, the calls in New Jersey, there are no explanations for. And I just don't think with the number of contacts, especially when Mr. Eustis, the defendant's father, said that it was -- I don't know, anywhere from three, four, seven, or ten times that there was contact, that -- that those can be explained. So I think there was just a blatant disregard by Mr. Eustis for that condition of release. And I believe [the condition] was an important one.

Tr. at 144 (ECF No. 82).